United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENNY JOHNSON, also known as Lil Benny,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CR-98-2
---------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benny Johnson appeals his jury convictions and sentences for conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute in excess of 50 grams of cocaine base, and possession of a firearm in relation to a drug-trafficking offense. Johnson argues that the evidence was insufficient to support his convictions for conspiracy to possess with intent to distribute cocaine base, possession with intent to distribute in excess of 50 grams of cocaine base, and possession

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of a firearm in relation to a drug-trafficking offense.  Because Johnson moved for a judgment of acquittal at the close of the Government's case and did not present any evidence, he properly preserved his sufficiency claim for appellate review.  See United State v. Resio-Trejo, 45 F.3d 907, 911 n.6 (5th Cir. 1995).  "In deciding the sufficiency of the evidence, we determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt."  United States v. Pruneda-Gonzalez, 953 F.2d 190, 193 (5th Cir. 1992).

A review of the evidence indicates that a rational jury could have found the evidence sufficient to establish beyond a reasonable doubt that Johnson possessed a firearm in relation to or in furtherance of the drug-trafficking offenses.  See United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000).  Johnson was arrested while climbing out of the rear window of the house in which cocaine base was being sold.  After his arrest, police found an unusual bullet in his pocket.  Inside the house, police found a handgun, loaded with the same unusual bullets that Johnson had in his pocket, on the floor just below the window out of which Johnson was climbing.  Police also found a brown paper bag containing approximately 57.72 grams of cocaine base lying on the ground near Johnson's right foot.  Codefendant Mario Blanch testified that he had seen Johnson with the handgun on the night

of the search.  In view of this evidence, a rational jury could have found that the evidence established beyond a reasonable doubt that Johnson possessed the handgun in relation to or in furtherance of the drug-trafficking offenses.  See Pruneda-Gonzalez, 953 F.2d at 193.

The evidence was also sufficient to support Johnson's convictions for conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute in excess of 50 grams of cocaine base.  In addition to the evidence already noted, the arresting officer testified that he noticed that while Johnson was handcuffed on the ground, he was cocking his right leg back "as if to move the dope out of the way."  Blanch also testified that Johnson had been selling cocaine base out of a brown paper bag just before the police arrived.  Police seized firearms, ammunition, and electronic scales with white residue inside the house.  In view of this evidence, a rational jury could have found that the evidence established that Johnson participated in a conspiracy to possess with intent to distribute cocaine base and that he possessed with intent to distribute in excess of 50 grams of cocaine base.  See Pruneda-Gonzalez, 953 F.2d at 193.

Johnson also argues that the district court erred in sentencing him under the then mandatory United States Sentencing Guidelines held unconstitutional in United States v. Booker, 124 S. Ct 738 (2005).  The Government concedes that Johnson preserved

this issue for appeal.  Therefore, the Government bears the burden of showing harmless error by "'prov[ing] beyond a reasonable doubt that the district court would not have sentenced [the defendant] differently had it acted under an advisory Guidelines regime.'"  United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005)(quoting United States v. Pineiro, 410 F.3d 282, 284-87 (5th Cir. 2005)).  The Government has not met its burden as it has not cited record evidence indicating that the district court would have imposed the same sentence under an advisory Guidelines scheme.  See id.  Therefore, Johnson's sentences are VACATED, and the case is REMANDED for resentencing.

CONVICTIONS AFFIRMED; SENTENCES VACATED AND CASE REMANDED FOR RESENTENCING.